Matthias, J.
The board of education of the DeGraff village school district, acting in pursuance *299 of and obedient to an order of the chief deputy of the department of inspection, division of workshops and factories, approved by the state Industrial Commission, found and declared the necessity of erecting a new school building, and of proceeding for that purpose in accordance with the provisionsof Sections 5649-4 and 7630-1, General Code, by submitting to the qualified electors of the district the question of issuing and selling bonds in the sum of $120,000. The board accordingly ordered “that said special election shall be held on the eighth day of July, 1919, between the hours of 5:30 A. M., central standard time, and 5:30 P. M., central standard time, in said school district in the village of DeGrafif, Ohio, at the Town Building located on the east side of South Main street of said village.” The proposal to issue such bonds carried.
In this action, instituted for the purpose of enjoining the issuance of said bonds and the levying of a tax in addition to other taxes sufficient in amount to pay the interest on said bonds and provide a sinking fund for their redemption-at maturity, the contention is made that the board of education was without jurisdiction to pass the resolution to submit the question of issuing bonds for such purpose, pursuant to the provisions of Section 7630-1, General Code, inasmuch as that section, in so far as it authorized boards of education to issue bonds pursuant to any order of the chief inspector of workshops and factories, was repealed by the act of the general assembly passed March 12, 1913 (Section 871-1 et seq., General Code), whereby the Industrial Commission was created and the office of *300 chief inspector of workshops and factories was abolished. It’ is .urged also that the provisions of that act, wherein it purports to confer upon the Industrial Commission of Ohio all the powers and duties conferred by law upon the chief inspector of workshops and factories, is contrary to the provisions of Section 16, Article II of the Constitution of Ohio, providing that no law shall be revived or amended unless the new act contains the entire act revived or section or sections amended.
The common pleas court granted the injunction prayed for, but, upon appeal, the court of appeals, upon an agreed statement of facts, held for the defendants and dismissed the amended petition.
The claim made by the plaintiff challenges the very legal existence of the Industrial Commission of the state, for if that contention be sustained the Industrial Commission would be practically shorn of the power attempted to be conferred upon it by the act above referred to. The express purpose of that act was to create the Industrial Commission, which should supersede the Stat^ Liability Board of Awards, and to abolish various departments, including the Chief Inspector of Mines, Chief Inspector of Workshops and Factories, and the State Board of Arbitration, and to merge certain powers and duties of said departments in and transfer certain powers and duties of said departments to the Industrial Commission. It was provided therein that the Industrial Commission should supersede and perform all the duties theretofore imposed by law upon the State Liability Board of Awards, and that on and after September 1, 1913, *301 the several departments therein named, including the one theretofore designated as the Chief Inspector of Workshops and Factories, should have no further legal existence; that the Industrial Commission should have all the powers and enter upon the performance of all the duties theretofore conferred by law upon those departments, which included those enumerated in Section 1031, General Code; and that all laws relating to the several departments specified should after said date apply, relate and refer to the Industrial Commission of Ohio and its deputies. This act was passed March 12, 1913, but by its express terms did not become effective until September 1, 1913. It expressly repealed many sections of the General Code, including those providing for the appointment of a Chief Inspector of Workshops and Factories, but did not repeal those defining and prescribing the authority and duties of that or of the other departments therein named. They were continued in force, the result and effect of such legislation being that all these specified departments were superseded by the Industrial Commission of Ohio, created by the act, and that all the powers and duties of said departments from and after September 1, 1913, should belong to and be exercised by the Industrial Commission.
The well-known and often-repeated rules with reference to repeals by implication apply. The express repeal of the section providing for the appointment of a chief inspector of workshops and factories cannot be held to work an implied repeal of the various sections conferring powers upon *302 and assigning duties to the chief inspector of workshops and factories, in view of the express provisions enacted at the same time whereby the Industrial Commission succeeded to those very powers and duties. These provisions are thus specifically kept in force and effect. No repealed statute was revived or attempted to be revived, as in the case of State, ex rel. Godfrey, v. O’Brien, Treas., et al., 95 Ohio St., 166, much relied upon by counsel for plaintiff in error in this case, for there the statutes referred to as prescribing the duties of the created office had been expressly repealed, and, as stated by the judge at page 177 of the opinion in that case, “The repeal of a statute is the end of that statute. To all intents and purposes it is the same as if it had never existed. Reference in a legislative act to a repealed law, as supplementary or explanatory of the new act, is an absurdity, prohibited by this provision of the constitution.”
The provision for the appointment of a chief inspector of workshops and factories was repealed, but the statutes enumerating certain powers and duties of that department were continued in force and the new provision enacted conferred those powers and duties upon the state Industrial Commission. They were neither amended nor repealed.
But it is further urged that Section 7630-1, General Code, which was enacted April 18, 1913 (103 O. L., 527), and became effective May 9, 1913, was repealed by implication by reason of the passage of the act above referred to, when it became effective *303 September 1, 1913. That section provides in substance that if the use of a schoolhouse for its intended purpose is prohibited by order of the chief inspector of workshops and factories, the board of education, upon the approval of the electors in the manner provided by Sections 7625 and 7626, General Code, may issue bonds for the amount of money required for such purpose. By virtue of these' provisions, such order of the chief inspector of workshops and factories created an emergency and authorized the levy of taxes in excess of the limitations of the Smith one per cent, law, provided the same was approved by a majority of the qualified electors upon the submission of the question in the manner provided. It must be conceded that by force of these provisions the chief inspector of workshops and factories was authorized and empowered until September 1, 1913, to inspect schoolhouses and other buildings designated, with reference to precautions for the prevention of fire and other matters which related to the health and safety of those who assembled in such structures, for the department continued in existence until that date; thereafter under the provisions heretofore noted that authority and duty devolved upon the Industrial Commission.
Section 7630-1, General Code, was passed subsequent to the passage of the act under consideration, but became effective prior to the effective date of that act. The provisions of that section and of said act are not only not in conflict, but, in our opinion, are in complete harmony and clearly disclose the intention of the legislature that the *304 duties having particular reference to matters of the nature in question in this case were to be performed by the chief inspector of workshops and factories and his findings and orders with reference thereto would warrant the action of the board of education prescribed by Section 7630-1, General Code, so long as that separate department existed, to-wit, September 1, 1913, and that thereafter the same duties and powers devolved upon the Industrial Commission and its findings and orders with reference to such building would likewise warrant the action of the board of education prescribed by Section 7630-1, General Code. It is disclosed by the record that the order upon which the board of education based its action was issued by the chief deputy of the department of inspection and division of workshops and factories and public buildings of the Industrial Commission. That order was dated April 24, 1919. The record discloses that original orders of T. P. Kearns, Chief Deputy, dated April 24 and July 31, 1919, were approved, and further shows the affirmative vote of approval by each member of the Industrial Commission. The requirements of Section 871-5 (107 O. L., 157), General Code, providing that every order made by a member or one of the authorized deputies of the commission, when approved by a majority of its members, shown on its record of proceedings, shall be deemed the order of the commission, were fully complied with, as were also the provisions of Section 871-9, General Code, requiring the record of the vote of each member of the commission.
*305 The record discloses that the special election upon the question of issuing bonds was ordered to be and was held at a central point in the''village of De-Graff. This is in accordance with Section 4711, General Code, that “electors, residing in territory attached to a village district for school purposes, may vote for school officers and on all school questions at the proper voting, place in the village to which the territory is attached.” It is not disclosed that the village of DeGraff was divided into precincts, and the regularity of the election in this respect is not challenged by the pleadings nor brought in question by the record, and no claim is made that Section 4711, General Code, which governs the proceeding, has in any respect been violated. . Regularity is therefore presumed.
The judgment of the court of appeals is affirmed.

Judgment affirmed.

Nichols, C. J., Jones, Johnson, Wanamaker, Robinson and Merrell, JJ., concur.